# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DANNY MOORE and TRACY MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| WASTE MANAGEMENT OF MISSISSIPPI, ) | |
| INC., d/b/a WASTE MANAGEMENT OF ) | |
| MISSISSIPPI-CORINTH, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | No. 11-2938-STA-egb |
| ) | |
| INDUSTRIAL MAINTENANCE SERVICE OF ) | |
| TENNESSEE, INC., DESIGN-FAB, INC. and ) | |
| GENERAL ELECTRIC CONSTRUCTION ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER AFFIRMING MAGISTRATE JUDGE'S DETERMINATION

Before the Court are Plaintiffs Danny Moore and Tracy Moore's ("Plaintiffs") Rule 72(a) Appeal of Magistrate's Order Denying Plaintiff's Motion to Modify Rule 16(b) Scheduling Order (D.E. # 168) filed March 5, 2013 and Supplemental Rule 72(a) Appeal of Magistrate's Order Denying Plaintiff's Motion to Modify Rule 16(b) Scheduling Order filed March 7, 2013. Defendants Industrial Maintenance Service of Tennessee, Inc. and Design-Fab, Inc. ("Defendants") filed a Response (D.E. # 174) on March 3, 2013. For the reasons stated herein, the Court **AFFIRMS** the Magistrate Judge.

1

Plaintiffs argue the Magistrate Judge erred by relying on the statements of Dr. Varner in determining the date of Danny Moore's maximum medical improvement. The Plaintiffs go on to argue that because Danny Moore's true date of maximum medical improvement was September 19, 2012, less than two months before the deadline for disclosure of Rule 26 expert witness information mandated by the scheduling order, the Magistrate Judge should have allowed amendment of the scheduling order to extend the time for these disclosures. Plaintiffs state the Magistrate Judge's refusal to amend the scheduling order prejudices their case, as it disallows testimony from two physicians who performed independent medical evaluations after discovery closed. Plaintiffs maintain they were unable to obtain these independent medical evaluations prior to the close of discovery because of problems with obtaining appointments.

Defendants argue the Magistrate Judge properly denied Plaintiffs' motion to amend the scheduling order because the Plaintiffs were not diligent in their efforts to extend the disclosure deadlines. Defendants argue Plaintiffs knew they would not be able to meet the discovery deadline almost two months before the expert witness disclosure deadline, yet made no attempt to amend the scheduling order until December 7, 2012, almost two months after the deadline passed. Defendants further argue they would be prejudiced by the admission of the testimony of the two physicians, as they already disclosed their expert witness testimony in accordance with the discovery plan and the two physicians would have been able to tailor their testimony to counter Defendants' expert.

Rule 72(a) provides that when a district court refers a non-dispositive matter to a magistrate judge for determination, a party may serve and file objections to the magistrate judge's determination within fourteen days after service of the determination.[1] The district court

---

[1] Fed. R. Civ. P. 72(a).

"must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Rule 16 provides that a judge may only modify a scheduling order "for good cause."[2] "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."[3] A district court reviews a magistrate judge's determination of good cause under a clearly erroneous standard.[4]

The Court finds nothing clearly erroneous in the Magistrate Judge's order. Although the Magistrate Judge did rely in error on an incorrect date of maximum medical improvement, a fact noted in the magistrate judge's Order (D.E. # 158) of February 6, 2013, the Magistrate Judge relied on other evidence of lack of diligence on the part of the Plaintiffs. Most troubling to the Magistrate Judge was the Plaintiffs' failure to timely move for amendment, which prejudiced the Defendants by allowing Plaintiffs' new witnesses to examine Danny Moore after Defendants disclosed their own expert witness.

Because the Magistrate Judge relied on independent evidence of Plaintiffs' lack of diligence in seeking amendment of the scheduling order, the Court finds the Magistrate Judge's order is not clearly erroneous. As a result, the Court **AFFIRMS** the Magistrate Judge's order.

Plaintiffs further ask the Court to clarify the Magistrate Judge's order pertaining to disclosure of either Dr. Johnson or Dr. Moskovitz. The Court fails to see how the Magistrate Judge could have been clearer. Plaintiffs must disclose either Dr. Johnson or Dr. Moskovitz within five days of the Magistrate Judge's order becoming final. Plaintiffs attempt to raise an

---

[2] Fed. R. Civ. P. 16(b)(4).

[3] *Inge v. Rock Fin'l Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

[4] *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985).

3

issue of the Magistrate Judge mistakenly believing Dr. Johnson is an expert witness under Rule 26(a)(2)(B), but the Court finds nothing in the Magistrate Judge's order to suggest this is the case.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 23, 2013.